IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES,** | : |
| | : |
| v. | : |
| | : CASE NO: 7:19-cr-50–WLS–TQL |
| **WILLIAM POWELL,** | : |
| | : |
| **Defendant.** | : |
| _____ | : |

**ORDER**

On October 10, 2024, the Court held a final hearing on the U.S. Probation Office's ("USPO") Petition for Warrant or Summons for Offender Under Supervision, as amended (Doc. 57), seeking to revoke Defendant William Powell's supervised release. This Order memorializes that hearing.

**I.  BACKGROUND**

On September 12, 2019, a one-count Indictment (Doc. 1) was filed against Defendant, charging him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). On August 10, 2021, Defendant pled guilty to the offense (Docs. 46, 47). On November 18, 2021, Defendant was sentenced to a 35-month term of imprisonment to be followed by supervised release for a term of 3 years. (Doc. 54). Defendant's supervised release started December 30, 2022.

On December 14, 2023, the USPO filed a petition requesting the Court issue a warrant and revoke Defendant's supervised release (Doc. 57). Defendant was not arrested until July 12, 2024. Defendant made his initial appearance on July 12, 2024, and an Order of detention was entered at that time. (Doc. 64). The Petition alleges Defendant committed the following five violations of the conditions of his supervised release:

1.  On or about June 17, 2023, Defendant violated Standard Condition #3 by failing to obtain authorization of his probation officer before leaving the judicial district.

1

2. On or about June 17, 2023, Defendant failed to refrain from violating the law by committing the offenses of Driving Under the Influence in Coffee County, GA. On November 27, 2023, Defendant was sentenced to twelve months-probation in the Coffee County, Georgia, State Court for this offense.

3. On or about October 7, 2023, Defendant failed to refrain from violating the law by committing the offense of Disorderly Conduct in Clinch County, GA.

4. On or about November 16, 2023, Defendant failed to refrain from violating the law by committing the offense of Disorderly Conduct in Clinch County, GA.

5. On or about December 7, 2023, Defendant failed to refrain from violating the law by committing the offense of Disorderly Conduct and Simple Battery (Family Violence) in Clinch County, GA.

## II.   REVOCATION HEARING AND COURT'S FINDINGS

At the final revocation hearing on October 10, 2024, Defendant acknowledged that he had been served with the Petition for revocation and that he had reviewed it with his attorney. The Court advised Defendant of his rights to a hearing on the allegations, and that at such hearing, the Government would be required to prove the allegations by a preponderance of the evidence; Defendant would be permitted to present evidence in his defense; and Defendant would have the right to testify in his defense if he wanted to do so. Defendant was also advised that he was not required to testify or present a defense at such hearing. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report (Doc. 69) ("Report"), reviewed it with his attorney, and had no objections to the Report.

The Defendant notified the Court that he would admit to committing the offense listed in Violation #2. The Court read the allegations of Violation #2 into the record, and Defendant confirmed that he committed such violation. Defendant further confirmed that he was not being coerced into waiving his rights to a hearing, and that he wished to admit that he committed the offense in Violation #2.

The Court found that Defendant freely, knowingly, and voluntarily stipulated to Violation #2 of his supervised release conditions for purposes of the revocation hearing. The

Government notified the Court that it accepted Defendant's admission as to Violation #2, and that the Government would dismiss Violations #1 and #3 through 5 of the Petition. As such, the Court found, by a preponderance of the evidence, that Defendant committed the offense alleged in Violation #2 of his supervised release, and revoked Defendant's supervised release.[1]

The Court heard from the Government, defense counsel, and Defendant, with respect to sentencing. Based on Defendant's original Criminal History Category of IV and with Violation #2 categorized as a Grade C violation, the Defendant's U.S. Sentencing Guidelines range is 12 to 18 months term of imprisonment. Based on the totality of the circumstances of this case, including the Guideline range and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of 12 months imprisonment to be followed by a term of supervised release of 24 months. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protect the public.

### III. CONCLUSION

For the afore-mentioned reasons, the Government's Petition (Doc. 57) is **GRANTED** with respect to Violation #2, Defendant's term of supervised release is hereby **REVOKED**, and Defendant William Powell is sentenced to a term of 12 months' imprisonment, followed by a term of supervised release of 24 months.

It is further **ORDERED** that Violations #1 and #3 through #5 are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 11th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration in original) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).